

# STATE OF MICHIGAN

## SUPREME COURT

PEOPLE OF THE STATE OF MICHIGAN,
            Plaintiff-Appellee,

v                                                                    No.  138577

ALEXANDER ACEVAL,
            Defendant-Appellant.

_____

Statement of Justice Hathaway Denying Defendant's Motion to Disqualify

April 22, 2010

HATHAWAY, J.  Defendant has brought this motion seeking my recusal on his motion for rehearing of this Court's denial of his application for leave to appeal.  Because I do not believe that grounds supporting recusal exist, I deny defendant's motion.

The relevant underlying facts and proceedings are as follows: Defendant was charged with delivery of more than 1,000 grams of cocaine and conspiracy to do the same.  The original trial was conducted in Wayne County Circuit Court before Judge Mary Waterstone.  Defendant's trial resulted in a mistrial because of a hung jury.

Defendant's subsequent retrial was held before Judge Vera Massey Jones.[1] During the retrial, defendant pled guilty to the charge of possession with intent to deliver more than 1,000 grams of cocaine. The trial judge accepted the plea and imposed the agreed-upon sentence. Subsequent appeals ensued. The present appeal arises from the Court of Appeals decision affirming defendant's guilty plea.[2] Defendant filed an application for leave to appeal to this Court, and on September 2, 2009, this Court denied defendant's application because a majority of participating justices were not persuaded of the need for further review.[3] Defendant has now filed a motion for rehearing along with this motion for my disqualification.

Defendant's motion for disqualification generally asserts that I am actually biased against him and/or that there is an appearance of impropriety presented by my participation in this case given the applicable facts and circumstances. Defendant's accompanying affidavit ostensibly setting forth the grounds and factual basis for disqualification is difficult to decipher and almost incoherent. As best as I can determine, defendant is basing this motion on unsubstantiated assertions and opinions of his counsel to the effect that there is widespread corruption and/or cronyism throughout the entire Wayne County Circuit Court and the Wayne County Prosecutor's Office. However, defendant fails to set forth any facts that would support these personal opinions. Aside

---

[1] This matter was transferred to Judge Vera Massey Jones as a result of allegations of misconduct by Judge Waterstone. Because the allegations of misconduct are the subject matter of a pending case, I am precluded from addressing any aspect of the allegations in this statement.

[2] *People v Aceval*, 282 Mich App 379 (2009).

[3] Justice Corrigan did not participate. The remaining Justices were evenly divided. *People v Aceval*, order of the Michigan Supreme Court, entered September 25, 2009 (Docket No. 138577).

from defendant's frivolous insult to the integrity of the entire Third Circuit Bench and Prosecutor's Office, he has alleged nothing to suggest that I am personally biased or that there is any appearance of impropriety.

This Court's newly amended rules for recusal[4] address the standards for actual bias and appearance of impropriety. Motions for recusal based on these grounds implicate two provisions within MCR 2.003.[5] These provisions require disqualification of a judge if there is actual bias or when there are objective and reasonable perceptions of the appearance of impropriety. The pertinent sections of the rule provide:

> (1) Disqualification of a judge is warranted for reasons that include, but are not limited to the following:
>
> (a) The judge is biased or prejudiced for or against a party or attorney.
>
> (b) The judge, based on objective and reasonable perceptions, has either (i) a serious risk of actual bias impacting the due process rights of a party as enunciated in *Caperton v A T Massey Coal Co, Inc*, 556 US ___; 129 S Ct 2252; 173 L Ed 2d 1208 (2009), or (ii) has failed to adhere to the appearance of impropriety standard set forth in Canon 2 of the Michigan Code of Judicial Conduct. [MCR 2.003(C)(1).]

Thus, the first inquiry is whether I am actually biased against the defendant or his attorney. I have carefully reviewed this matter and I find that I have had no involvement in defendant's case as a trial court judge or as a former member of the Wayne County Circuit Court bench. I did not have any actual knowledge of defendant during my time on the Wayne County bench. Further, I am not personally acquainted with defendant, or counsel for the defendant, and accordingly harbor no bias or prejudice against either of

---

[4] MCR 2.003.
[5] MCR 2.003(C)(1)(a) and (b).

3

them. Defendant alleges nothing other than attenuated allegations to support his claim that I am actually biased and, accordingly, this is not a basis to recuse myself.

The next inquiry is whether there is an appearance of impropriety. This inquiry is generally twofold: first, whether defendant's due process rights, as enunciated in *Caperton*, would be impaired by my participation in this case, and second, whether there was an appearance of impropriety as set forth in Canon 2 of the Michigan Code of Judicial Conduct that would require my recusal. Defendant does not allege that his due process rights are at stake, so I will not address this facet of the analysis. Defendant alleges only that there is an appearance of impropriety. The test for determining whether there is an appearance of impropriety is "whether the conduct would create in reasonable minds a perception that the judge's ability to carry out judicial responsibilities with integrity, impartiality and competence is impaired." *Caperton, supra* at 2255. I conclude that defense counsel's unsubstantiated opinions and allegations do not support my recusal on this ground.

Defendant essentially alleges that I cannot be impartial in this appeal because I was a member of the Wayne County bench at the time of his conviction and am acquainted with the other members of that bench. However, the mere fact that I was a member of the same trial bench clearly does not support recusal in and of itself. Justices of the Supreme Court and Judges of the Court of Appeals who have previously served on a trial bench must routinely review their former colleagues' decisions and actions. Circuit Court judges review matters by members of district courts where they formerly served. There is no appearance of impropriety in doing so and defendant cites no

4

authority to support such a proposition. Defendant has failed to allege any instances of my personal conduct that would require recusal on this basis.

Defendant's challenge to my ability to be impartial in this appeal is also based on the unsupportable and fictitious premise that there is widespread corruption and cronyism among Wayne County judges and prosecutors. This bold assertion is supported only by numerous disjointed and bizarre allegations and opinions of his counsel. Defendant also makes similar allegations against Oakland County government officials, claiming they are all part of this same pattern or scheme. Yet, Oakland County had nothing to do with this prosecution or appeal. He further challenges my ability to be impartial based on my former marriage to Richard Hathaway, (former Wayne County Circuit Judge) currently a Wayne County prosecutor. However, I have been divorced from Richard Hathaway for over fifteen years, we do not share any common financial or business interests, and I do not harbor any bias or prejudice for or against him. Moreover, I am unaware of what specific role Richard Hathaway has played in this prosecution, or its relevance to any issue in this case, and defendant has failed to provide any details in this motion. Defendant's motion merely states that we were formerly married. However, the fact that my former husband, from whom I have been divorced from for over 15 years, is currently a Chief Assistant Prosecutor for Wayne County has no bearing whatsoever on my decision in this case. None of these allegations presents an appearance of impropriety based on objective and reasonable perceptions, and accordingly I find no basis for recusal on this ground.

Defendant has failed to substantiate any basis for my recusal. I have no actual bias and there is no appearance of impropriety. Therefore, I deny defendant's motion to disqualify.[6]

---

[6] I do not agree that we are following a different procedure in this case than we did in *Pellegrino v Ampco*, #137111. We conducted full court de novo review in *Pellegrino* in response to plaintiff's motion requesting the same. While plaintiff's motion for full court review in *Pellegrino* was filed too early, we chose not to require the plaintiff to refile a motion that was already pending before us because there were no time limitations in the rule at that time. As of March 16, 2010 time limitations were adopted as part of the procedure and we expect litigants to follow the newly amended procedure.